UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT TROOGSTAD, individually and on behalf of similarly situated employees of the City of Chicago,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF CHICAGO,<br><br>Defendant. | No. 21 C 5600<br>No. 23 C 14881<br><br>Judge Thomas M. Durkin |

**AMENDED MEMORANDUM OPINION AND ORDER**[1]

The Seventh Circuit affirmed the Court's denial of a preliminary injunction in this case filed by Chicago Fire Department personnel regarding the City's and the State's COVID-19 vaccine mandates. On remand, the Court granted motions to dismiss by the City and the Governor, but granted Plaintiffs leave to amend their claims against the City under the First Amendment and the Illinois Religious Freedom Restoration Act ("IRFRA"). Scott Troogstad is the only plaintiff to file an amended complaint, adding a retaliation claim to his federal and state claims for violation of his freedom to practice religion. In a separate case, he has also filed a Title VII claim against in the City regarding the same underlying operative facts. The City has separately moved to dismiss the claims in both cases, but the Court address them together in this opinion because they can be disposed on the same grounds. Both

---

[1] The Court enters this amended opinion and order to address Seventh Circuit precedent that was omitted from the prior opinion.

motions are granted and Troogstad's claims in both cases are dismissed with prejudice.

## I. Retaliation

As an initial matter, the City argues that Troogstad's new retaliation claim in case No. 21 C 5600 is time-barred because it does not relate back to his original complaint. Claims for constitutional violations brought under 42 U.S.C. § 1983 in Illinois are subject to a two-year statute of limitations. *See Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). It has been more than two years since Troogstad filed case No. 21 C 5600, let alone since the underlying occurrence. Troogstad does not dispute that his retaliation claim must relate back to the earlier complaint to be timely.

Whether a new claim "relates" back to an earlier pleading under Federal Rule of Civil Procedure 15(c) depends on whether "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" The Seventh Circuit has explained that a claim relates back to the original complaint if "the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006).

In his current complaint, Troogstaad alleges that he "was among the City's most vocal opponents of the vaccination mandates," and he was "singled out for

2

[punishment] after advocating against the vaccine mandates." These allegations are new and were not present in the prior versions of the complaint.

Despite these new factual allegations, Troogstad argues that his "claim has not changed" because he continues to allege "a violation of the First Amendment leading to the loss of his employment." But the First Amendment has six clauses: (1) freedom of speech; (2) freedom of the press; (3) freedom of religion; (4) freedom from the government establishment of religion; (5) freedom of assembly; and (6) freedom to petition. Just because Troogstad's original complaint included a claim for violation of his First Amendment freedom of religion, does not mean that he also included claims under all the other clauses of the First Amendment by reference. Without factual allegations supporting a retaliation (i.e., free speech) claim in the original complaint, Troogstad's new retaliation claim does not relate back to that complaint simply because the new claim also alleges a violation of the First Amendment. Therefore, Troogstad's retaliation claim does not relate back to the original complaint and is dismissed as time-barred.

## II. Religious Belief

In both cases, Troogstad brings claims for an impermissible burden on his free exercise of his religious beliefs and for discrimination based on his religious beliefs. All of his claims—whether stated as a violation of the First Amendment, violation of the IRFRA, or violation of Title VII—must be based on a plausible allegation that the "beliefs" in question are "religious" and not mere secular personal convictions. The Seventh Circuit test for whether a belief qualifies as "religious" is whether the belief

3

"occupies a place in the life of its possessor parallel to that filled by the orthodox belief in God." *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 448 (7th Cir. 2013). The Court "must distinguish between religious belief and other matters of personal conviction, because only religious beliefs warrant [legal protection]." *Snyder v. Chicago Transit Auth.*, 2023 WL 7298943, at *7 (N.D. Ill. Nov. 6, 2023). The "controlling inquiry at the pleading stage is whether the employee plausibly based [his] vaccination exemption request at least in part on an aspect of [his] religious belief or practice." *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1009 (7th Cir. 2024); *Bube v. Aspirus Hosp., Inc.*, 108 F.4th 1017, 1019 (7th Cir. 2024).

Troogstad's complaint contains no detail about his beliefs or how they conflict with the City's COVID vaccination policy. Troogstad alleges only that "the gene-altering aspect of mRNA vaccinations violates his beliefs as a Christian." R. 89 at 5 (¶ 28). But he fails to explain how his convictions regarding mRNA vaccinations are an "aspect of his religious belief or practice." *Passarella*, 108 F.4th at 1009; *Bube*, 108 F.4th at 1019. And as another court in this district has found, "there is no self-evident connection between Christianity" and a vaccination requirement. *See Hassett v. United Airlines, Inc.*, 2024 WL 1556300, at *3 (N.D. Ill. Apr. 10, 2024). That court and others have dismissed similar claims under similar circumstances where plaintiffs allege that a policy conflicts with their religious beliefs but do not include any detail about "any religious tenet which is offended" or "the nature of the conflict" in the complaint. *See Hassett*, 2024 WL 1556300, at *3 (citing cases). Troogstad's bare

4

allegation that he is a Christian is insufficient to plausibly allege that his opposition to the COVID vaccines is based in his Christian beliefs.

Troogstaad argues that finding that he has insufficiently alleged the religious nature of his opposition to the COVID vaccine is tantamount to passing judgment on the validity of his religious beliefs, which the Supreme Court has held is not the province of the courts. He cites Supreme Court holdings that "it is no business of courts to say that what is a religious practice or activity for one group is not religion under the protection of the First Amendment," *see Fowler v. Rhode Island*, 345 U.S. 67, 70 (1953); and that "a government may not make someone's employment contingent upon any test of the sufficiency, consistency, or acceptance by a given member of any clergy, of their religious beliefs," *see Epperson v. Arkansas*, 393 U.S. 97, 106 (1968).

But these holdings are beside the point because they do not address the Court's obligation to determine whether Troogstad has plausibly alleged the religious nature of his opposition to the vaccine. Contrary to Troogstad's argument, the Court makes no findings regarding the merit or virtue of Troogstad's religious beliefs, or even the merit of his personal conviction in opposition to the vaccines. Rather, the Court finds that Troogstad has not plausibly alleged a connection between his conviction regarding mRNA vaccines and his religious beliefs. And absent a plausible allegation that Troogstad's decision to refuse vaccination was religious in nature, Troogstad cannot allege that the City's vaccination policy infringed on his religious beliefs,

5

whether in violation of the First Amendment, Title VII, or the Illinois Religious Freedom Restoration Act.

Troogstad's allegations are distinguished from the allegations made by the plaintiffs in *Passarella* and *Bube* where the Seventh Circuit reversed district court grants of motions to dismiss of similar claims. The plaintiffs in those cases made the following allegations:

> Dottenwhy appealed and added the following: "I have prayed long and hard about this and I am fearful of the effects. The Bible says: My body is a temple of the Holy Spirit and to present my body as a living sacrifice, Holy and acceptable to God." *Passarella*, 108 F.4th at 1008.
>
> Passarella explained her Christian belief that her body "is [the Lord's] dwelling place" and that "[a]fter prayerful consideration, I don't feel at peace about receiving the COVID vaccine" and instead "must trust God with my body (His temple) and that he will provide for me and protect me as he has already proven time and time again during my life." She likewise stated that "God knows my body better than anyone because He is the maker of it." Passarella "obey[s] scripture and the divine wisdom and discernment imparted to me by the Holy Spirit through prayer." Her "conscience," too, "act[s] as a guide to the rightness or wrongness of one's behavior" and here "I must follow the message that God has given me not to receive the vaccine." *Passarella*, 108 F.4th at 1007.
>
> For her part, Bube informed [the defendant] in her initial request that she is a "baptized and a practicing Catholic" and "following my conscience of refusing the Covid vaccine at this time." After [the defendant] denied her initial request, she appealed and further explained that she tries to "eat healthy" and "remain active" to "keep my God-given mind, body, and soul healthy." Citing her safety concerns about the vaccine, she then stated that receiving it "would be going against what God has intended for me." *Bube*, 108 F.4th at 1019.

> Hedrington's request invoked similar themes. In her appeal to the hospital, for example, she cited her belief that God is her "creator" and that God "made me in his image and has given me life. He created me perfectly!" As a result, "I trust in God completely and cannot accept this vaccine in my body." *Bube*, 108 F.4th at 1019.

As discussed, Troogstad does not make any similar allegations regarding the aspects of his religious beliefs that were violated by the City's COVID vaccination requirement. His bare invocation of Christianity is insufficient to state a claim, because the First Amendment does not protect his identity as a Christian, but rather his right to maintain his religious beliefs. So, as the Seventh Circuit explained in *Bube* and *Passarella*, in order to state a claim for violation of his religious beliefs, Troogstad must allege what religious beliefs were violated by the City's policy. But Troogstad has not identified any of his religious beliefs at all in his complaint. This total failure takes his claims out of the realm of allegations the Seventh Circuit held to be sufficient in *Bube* and *Passarella*. Because Troogstad has not identified the beliefs that were violated, his claims that his beliefs were violated are not plausible and must be dismissed.[2]

---

[2] Troogstad has not argued or cited any authority that the definition of "religious belief" is different or broader under the Illinois Religious Freedom Restoration Act than it is under federal law. Additionally, because the Court has found that Troogstad has failed to state a claim, it is unnecessary to reach the City's assertion of immunity under the Illinois Tort Immunity Act.

## Conclusion

Therefore, the City's motions to dismiss—[93] in case No. 21 C 5600, and [12] in case No. 23 C 14881—are granted, and Troogstad's claims are dismissed with prejudice. The claims are dismissed with prejudice because Troogstad has already had the opportunity to file five complaints among his two cases, along with the benefit of a Seventh Circuit opinion regarding merits of his claims. No further opportunities to amend are warranted.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: September 10, 2024